UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOYCE SHERMAN,

               Plaintiff,            CIV. S-03-0478 PAN

        v.

JO ANNE B. BARNHART,          Memorandum of Decision
Commissioner of Social
Security,

               Defendants.

—o0o—

      Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

      If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c). Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f).

By virtue of denial of previous applications and defendant's presumption of continuing non-disability, defendant examined the record between February 28, 1992, and August 8, 1994.  Tr. 23.  Defendant found that during that period plaintiff suffered severe impairments (viz. chronic cervical strain, C5-6 spondylitic changes and moderate shoulder tendinitis) but none that met or equaled any listed impairment, and that plaintiff could perform her past work and was not disabled.  Tr. 17, 23. This conclusion was based on findings there had been no change in plaintiff's residual functional capacity since hearing on a previous application when a vocational expert, Dale Stopp, provided an opinion plaintiff could still perform her past work.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  <u>Sanchez v. Secretary of</u>

Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).
The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197,
1200 (9th Cir. 1990).  Substantial evidence means more than a
mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971),
but less than a preponderance.  Bates v. Sullivan, 894 F.2d 1059,
1061 (9th Cir. 1990).  It means such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion.
Richardson, 402 U.S. at 401.  The court cannot affirm the
Commissioner simply by isolating supporting evidence but must
consider the entire record, weighing evidence that undermines as
well as evidence that supports the Secretary's decision.
Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence
supports administrative findings, or if there is conflicting
evidence that will support a finding of either disability or
nondisability, the finding of the Commissioner is conclusive,
Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may
be set aside only if the proper legal standards were not applied
in weighing the evidence.  Burkhart v. Bowen, 856 F.2d 1335, 1338
(9th Cir. 1988).

        Plaintiff first claims that defendant erroneously applied
the medical-vocational guidelines but in fact, as explained
above, the decision was based upon expert vocational opinion, not
the guidelines.

        Plaintiff next complains that reliance upon the evidence
from the prior hearing denied him the right to cross-examine the
expert.  However, plaintiff did have the right and exercised it

1  (Tr. 66) at the prior hearing and now does not explain how
2  additional confrontation might have changed anything.

3      Plaintiff complains defendant's decision identifies no
4  severe impairments and is thus not reviewable, but in fact it
5  does at Tr. 23.

6      Defendant looked carefully at mental health assessments
7  by Dr. Wixen in May 1994, Dr. Norsell in November 1994, Dr.
8  Murphy in January 1995, Dr. Rajappa in December 2000 and Dr. Walk
9  in July 2000, and found plaintiff suffered from no severe mental
10  impairment.  Tr. 19-21.  Plaintiff attacks the finding but fails
11  to explain how any factual finding lacked evidentiary support in
12  the record or what legal standards were violated in reaching the
13  decision.

14      Plaintiff argues that the decision does not explain
15  whether plaintiff's severe impairments were considered "singly,
16  in combination or at all."  It is clear from the decision,
17  however, that defendant considered all of plaintiff's severe
18  impairments in combination, which was appropriate.

19      Defendant considered plaintiff's allegations of disabling
20  pain but rejected them upon the ground there was no objective
21  evidence to explain them, the treatment she received was
22  conservative, there was no evidence that pain medicine disabled
23  her, that the limitations she attributed to pain were
24  inconsistent with her admitted daily activities, and four doctors
25  had found she was free of the limitations she complained of.  Tr.
26  22.  Plaintiff challenges the conclusion but, once again, fails

4

to demonstrate any lack of substantial evidence to support the
factual findings or any erroneous application of controlling
legal standards for resolving conflicts in the evidence.

Defendant found plaintiff's residual functional capacity
was unchanged since the previous decision in February 1992.  Tr.
22.  Plaintiff complains the decision fails to explain "how this
RFC was determined."  The explanation, however, is found in the
earlier decision (Tr. 58-68) coupled with consideration of more
recent evidence in the decision under review.  Tr. 15-23.

In 1992, defendant found that plaintiff's impairments
limited her to only occasional stooping, squatting and bending.
Tr. 65.  Plaintiff complains that limitation was not considered
by the vocational expert and the error was imported into the
decision under review.  But plaintiff's argument contains no
citation to the record to support the assertion and the decision
recites that the administrative law judge reviewed the medical
evidence and vocational factors with the expert.  Tr. 65.

Plaintiff complains that in reaching her decision that
plaintiff's RFC had not changed, defendant erroneously declined
to consider the evidence of Dr. Rita Bermudez on the ground she
examined plaintiff "long after the date last insured."  Actually,
defendant did consider Dr. Bermudez' report, questioned the
weight to be given to it since Dr. Bermudez never treated
plaintiff, inferred from it that plaintiff's condition may have
worsened but concluded the report did not satisfy plaintiff's
burden of demonstrating her limitations had become disabling

before she lost her insured status.  Tr. 21.  Plaintiff does not
suggest why this considered treatment of Dr. Bermudez' opinion
was not perfectly sound.

Plaintiff makes other like claims about the efficacy of
the medical evidence but none of them come within the scope of
this court's review to determine whether defendant applied the
proper legal standards and if her findings are supported by
substantial evidence.

Finally, plaintiff claims the decision evades Social
Security Ruling (SSR) 83-20 "by a kind of sophistry."  SSR 83-20
requires defendant specify the impairments that disable a person
from working, infer <u>when</u> they became disabling and provide a
rationale for the date selected based on medical evidence.
Plaintiff argues that defendant's discussion of Dr. Bermudez'
report "nearly concedes" it supports a finding plaintiff is
disabled and, thus, SSR 83-20 required a specific finding based
upon medical evidence exactly when the disability arose.

The record shows that Dr. Bermudez examined plaintiff in
October 1999, more than five years after she lost insured status.
Dr. Bermudez did not find that plaintiff was disabled and her
report would not support such a finding.  Dr. Bermudez found that
plaintiff could not lift more than 15 pounds occasionally and
that she still could return to any full-time job with certain
limitations.  Tr. 372-73.  Accordingly, defendant was not
required to make the findings mandated by SSR 83-20.
////

There was no error and the decision is affirmed.

Dated:  May 9, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge